JAENAM COE  (SBN 175920)
LAW OFFICES OF JAENAM COE PC
3731 Wilshire Blvd. Suite 910
Los Angeles, CA  90010
Telephone:  213-389-1400
Attorney for Plaintiff,
MANKYUNG CORPORATION.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)

| | |
|---|---|
| MANKYUNG CORPORATION, a California Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> ALKAM HOME FASHION, INC., a California Corporation, MORAD HASSAN, an individual; DOES 1 -10. <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR** <br> **1. COPYRIGHT INFRINGEMENT AND** <br> **2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, MANKYUNG CORPORATION., ("MANKYUNG" or "Plaintiff"), for its complaint against Defendants, ALKAM HOME FASHION, INC.,("AHFI")  MORAD HASSAN ("HASSAN") and DOES 1 through 10, inclusive, ("Defendants"), hereby alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for copyright infringement, the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, MANKYUNG, is a California corporation, organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County, California.

5. Plaintiff is informed and believes and on that basis allege that Defendant, ALKAM HOME FASION, INC. ("AHFI") is a California Corporation with principal place of business in Los Angeles County, California.

6. Plaintiff is informed and believes and on that basis allege that Defendant AHFI is one of the manufacturers and/or vendors of products to the public and other retailers.

7. Plaintiff is informed and believes and on that basis allege that Defendant MORAD HASSAN is an individual residing in Los Angeles County.

8. PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, was acting as the agent, principal, employer, employee, partner, joint-venturer, affiliate, subsidiary, co-conspirator, and/or alter ego of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, venture, affiliation, and/or conspiracy, each with the permission, authority, knowledge, consent, affirmation, and/or ratification of each of the other Defendants and/or specifically authorized, directed or participated in the conduct alleged herein.

Among other things, PLAINTIFF is informed and believes and thereon alleges that Defendants conspired with each other and aided and abetted each other in the actionable conduct described herein. As a result, Defendants are jointly and severally liable for the acts alleged herein.

9. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 6, inclusive, are other vendors of the infringing blankets, which DOE Defendant have manufactured and/or supplied and are distributing and/or supplying blankets comprised of fabric printed with Plaintiff's copyrighted Design (hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-6, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

10. Defendants DOES 7 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 7 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently

ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **GENERAL ALLEGATIONS**

12. Prior to the conduct complained of herein, Plaintiff purchased and/or composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Code, "Three Tiger and Asian Dragon" and "Lion Family and Tiger Face" ("Subject Designs"). A true and correct image of each of the pertinent Subject Designs is attached hereto as Exhibits One and Two, respectively.

13. Plaintiff applied for and received copyright registration for Subject Design Lion Family and Tiger Face on December 22, 2014, with said design being granted Reg. No. VA 1-941-676, and for Subject Design Three Tiger and Asian Dragon on July 16, 2015, with said design being granted Reg. No. VAu1-225-305.

14. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Designs to numerous parties in the fashion and apparel industries.

15. Following this distribution of products bearing Subject Designs, Plaintiff's investigation revealed that Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold blankets comprised of fabric featuring a design which is identical, or substantially similar, to Subject Designs (hereinafter "Subject Blankets"), including but not limited to blankets sold at the online as well as other store premises of retail distributors in the United States. True and correct copy of the pictures of such blankets are attached hereto as Exhibits Three and Four.

16. Plaintiff is informed and believes that a substantial portion of the Subject Blankets were manufactured and/or sold to general public and vendors in United States.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

17. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 16, inclusive, of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design (hereinafter referred to as "Subject Design"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to blankets manufactured with fabric lawfully printed through Plaintiff.

19. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures blankets and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied blankets to said retailers, which blankets infringed the Subject Designs in that said blankets were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Designs, or were an illegal modification thereof.

20.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling blankets bearing said designs.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

21. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 16, inclusive, of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of blankets featuring the Subject Designs as alleged herein.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

24. By reason of the Defendants', and each of their, acts of copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

25. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the

Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to manufacture and/or sell Subject Blankets after Plaintiff demanded that they cease and desist from engaging in same. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Designs renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following relief:

### ***Against All Defendants***

1. <u>With Respect to Each Claim for Relief</u>

   a.  That Defendants, their agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

   b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101

et seq. at no less than $300,000;

c.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

e.  That Plaintiff be awarded the costs of this action; and

f.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: May 16, 2022          LAW OFFICES OF JAENAM J. COE

BY:_____ _____
          Jaenam J. Coe
          Attorney for Plaintiff
          MANKYUNG CORPORATION.

**"EXHIBIT 1"**



**"EXHIBIT 2"**



**"EXHIBIT 3"**



# ROYALTY
# FLANNEL QUILT 3SETS QUEEN

¤ Very soft and smooth

¤ Plush and warm

¤ For indoor/outdoor use

¤ All seasons

¤ Machine washable

Care Instructions:

Machine wash cold water separately
using delicate cycle and mild detergent.
Tumble dry low. Remove promptly.
Do not bleach. Do not iron.

   



437 LION

**"EXHIBIT 4"**



# 1PLY RASCHEL PRINTED BLANKET



## PARADISE

☐ Very soft and smooth
☐ Plush and warm
☐ For indoor/outdoor use
☐ All seasons
☐ Machine washable

Care Instructions:

Machine wash cold water separately
using delicate cycle and mild detergent
Tumble dry low.Remove promptly.
Do not bleach.Do not iron

**QUEEN**



RN#:117486



8 46918 08754 8

CJ445-16 TIGERS